LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com

ATTORNEYS FOR PLAINTIFF
S.J., a minor, by and through his
Guardian ad Litem, JASMINE HAMILTON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.J., a minor, by and through his Guardian ad Litem, JASMINE HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>ALBANY UNIFIED SCHOOL DISTRICT, a public entity, MELISA PFOHL, an individual, ANNA MANSKER, an individual, ANNA ALVARADO, an individual, VAHIDEH VAHDATINIA, an individual and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMAND** |

Plaintiff S.J., a minor, by and through his Guardian ad Litem, JASMINE HAMILTON, alleges as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction of Plaintiff's federal law claims is founded upon 28 U.S.C. 1331 (federal questions jurisdiction), 28 U.S.C. 1343 (a)(3) (federal civil rights jurisdiction), 42 USC 1983 and 20 USC 1681 *et seq.* (Title IX, Education Amendments of 1972) and 28 U.S.C. 1983.

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

2. Defendant ALBANY UNIFIED SCHOOL DISTRICT has waived its 11th Amendment immunity with respect to Plaintiff's state law claims.

3. Plaintiff has complied with the California Government Tort Claims Act, Cal. Govt. Code § 810 *et seq.*.

## INTRADISTRICT ASSIGNMENT

4. This case arose in Alameda, California and, pursuant to Rule 3-2 (d) of the Local Rules of the Northern District of California, should be assigned to either the San Francisco or Oakland Division of the Northern District Court.

## PARTIES

5. Plaintiff JASMINE HAMILTON is a resident of the City of Albany, in the County of Alameda, California. She brings this action as guardian ad litem on behalf of her minor son S.J..

6. Plaintiff S.J. is a minor and a resident of the City of Albany, in the County of Alameda, California.

7. At the time of the incidents giving rise to this action, Plaintiff S.J. was a student with a disability receiving special education services at Marin Elementary School within the ALBANY UNIFIED SCHOOL DISTRICT.

8. Defendant ALBANY UNIFIED SCHOOL DISTRICT ("AUSD" or "the District") is a public entity duly incorporated and operating under California law as a school district.  AUSD is a public entity within the meaning of California Government Code sections 811.2, 900 et seq., and is duly incorporated and operating under California law as a school district.

9. At all relevant times, Defendant MELISA PFOHL ("PFOHL") was employed by AUSD as the Principal of Marin Elementary School ("MES").  All actions alleged herein were taken by PFOHL under color of state law and in the course and scope of her employment with AUSD.

10. At all relevant times, Defendant ANNA MANSKER ("MANSKER") was employed by AUSD as Director of its childcare provider Albany Children's Center

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

("ACC"). All actions alleged herein were taken by MANSKER under color of state law and in the course and scope of her employment with AUSD.

11. At all relevant times, Defendant ANNA ALVARADO ("ALVARADO") was employed by AUSD as an ACC teacher in its *Tupelo* program which operated on the MES campus. All actions alleged herein were taken by ALVARADO under color of state law and in the course and scope of her employment with AUSD.

12. At all relevant times, Defendant VAHIDEH VAHDATINIA ("VAHDATINIA") was employed by AUSD as an ACC paraeducator in its *Tupelo* program which operated on the MES campus. All actions alleged herein were taken by VAHDATINIA under color of state law and in the course and scope of her employment with AUSD.

13. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1-30. Plaintiff prays for leave to amend once their identities are discovered.

## FACTS

14. Plaintiff has complied with the claim presentation requirements of the California Government Tort Claims Act and AUSD denied Plaintiff's claims on or about May 12, 2020.

15. Plaintiff S.J. was born on May 31, 2014. JASMINE HAMILTON is his mother and SVEN HAMILTON is his father.

16. S.J. has been diagnosed with Speech or language Impairment (SLI), qualifying him to receive special education services from Defendant AUSD.

17. S.J. was a Kindergarten student at Marin Elementary School (MES) during the 2019/2020 school year.

18. During the 2019/2020 school year AUSD reduced the number of educational hours offered to its Kindergarten students, including S.J..

19. In lieu of the reduced educational hours, AUSD provided a School Age Care program to kindergartners, including S.J., through Albany Children Center's

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

("ACC") *Tupelo* program ("*Tupelo*") operated by AUSD on the MES campus.

20. AUSD represented to the parents of students, including Jasmine and Sven Hamilton, that students in the ACC program were never unsupervised inside the *Tupelo* classroom(s) and that students were "*responsibly cared for by trained professionals under the administration of the AUSD*".

21. Prior to and during the 2019/2020 school year, AUSD knew that S.J. required additional accommodations and supports due to his disability and the AUSD administrators and staff were provided with information regarding S.J.'s disability and the appropriate supports S.J. required.

22. During the 2019/2020 school year, including but not limited to the time S.J. attended the *Tupelo* ACC program at MES, S.J. was bullied, threatened, sexually harassed and sexually assaulted by students S.A., V.G. and other unidentified students in the *Tupelo* program.

23. During the 2019/2020 school year, S.A., V.G. and other unidentified students engaged in sexual harassment and assault of S.J. and other *Tupelo* students inside bathrooms on the MES campus and inside of the ACC *Tupelo* program classroom(s). Such misconduct was reported by students to have included the creation of a "boys club" where students engaged in sexual acts under a table inside the *Tupelo* classroom. Multiple students in the *Tupelo* program reported various incidents of sexual misconduct including but not limited to: a *Tupelo* student reported that another student's penis touched his butt while the student was using the restroom and the student asked him to the do the same, a *Tupelo* student reported that when they went to the bathroom together their butts touched, a *Tupelo* student reported being held down, a *Tupelo* student reported receiving threats "if you don't do it you won't be part of…", a *Tupelo* student reported experiencing peer pressure to put their nose or tongue on another student's butt, a *Tupelo* student described activity that "tickles/feels funny", a *Tupelo* student described feeling sick and scared and eating lunch quickly to try to hide from a perpetrator student, a

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 *Tupelo* student described behavior that "starts with pinches and scratches on their
2 butt" and then the perpetrator student punches them in the belly and hits their
3 bottom and a *Tupelo* student described that another student licked their butt and
4 took their pants and underwear down.

5       24.    While under the supervision of AUSD employees on the MES campus,
6 students S.A., V.G. and other unidentified students in the *Tupelo* program committed
7 multiple acts against S.J., including but not limited to bullying, threats, sexual
8 harassment and physical and sexual assault, all of which give rise to the injuries he
9 has sustained.

10       25.    On information and belief, during all relevant times, administrators and
11 employees of AUSD were aware of the bullying, sexual harassment, threats and
12 sexual misconduct occurring among students in the *Tupelo* program but negligently
13 failed to adequately supervise and monitor students and negligently failed to comply
14 with AUSD board policies and administrative regulations requiring that they
15 document, report and promptly investigate such misconduct to protect students and
16 to prevent future occurrences.

17       26.    On information and belief, during all relevant times, administrators and
18 employees of Defendant AUSD were aware that S.A., V.G. and other unidentified
19 minor students in the *Tupelo* program posed a danger and threat to students
20 including S.J., but negligently failed to adequately supervise or monitor the students
21 in their care, including but not limited to during the times they were inside of the
22 bathrooms and/or inside of the ACC *Tupelo* kindergarten classroom(s) at MES.

23       27.    On information and belief, AUSD failed to adequately hire, supervise
24 and train ACC *Tupelo* staff in classroom management and student supervision and
25 while working in the course and scope of their employment, AUSD employees
26 negligently and/or intentionally caused the injuries herein described and negligently
27 failed to supervise students including claimant S.J. and students S.A., V.G. and
28 others, in violation of the Education Code so as to cause S.J.'s injuries.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

28. As a result of AUSD's failure to provide a safe education environment for S.J., he has suffered severe emotional distress which has required ongoing psychological care.

29. As a further result of AUSD's failure to inform S.J.'s parents of the bullying, sexual harassment, threats and sexual misconduct occurring among students in the *Tupelo* program, they have suffered severe emotional distress in that they have lost trust in school officials and were not able to attend to S.J. immediately to provide him with appropriate parental and psychological support he required at the time he was being abused on the MES campus.

**FIRST CLAIM FOR RELIEF:**
**Violation of Constitutional Rights, 42 U.S.C. 1983 against PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-10**

30. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

31. Section 1983 is presumptively available to remedy a state's ongoing violation of federal law 42 USD 1983; *AlohaCare v. Haw. Dep't of Human Servs.*, 572 F.3d 740, 745 (9th Cir. 2009)

    a.  Actions Under Color of Law

32. Persons acting under color of law are subject to suit under Section 1983. PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-10, acting under the color of state law, intentionally discriminated against S.J. on the basis of his disability by knowingly failing to address the pervasive sexual harassment and bullying of S.J. and other students in the *Tupelo* program.

33. PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-10, violated S.J.'s rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by actions, including but not limited to, depriving him of equal protection under the law on the basis of his disability.

34. PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-10,

6
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

acted with deliberate indifference in failing to respond to the complaints of sexual and physical abuse on the MES campus, and repeatedly exposed S.J. to the risk of sexual abuse, harassment, and ultimately, sexual attacks that left him with severe psychological injuries, which further compounded the pre-existing speech and language impairment caused by his disability.

35. As a proximate result of the violations alleged herein above, Plaintiff S.J. has suffered damages as alleged heretofore.

    b.    Failure to Train

36. PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1 through 10 inadequately communicated the anti-harassment and bullying policies to MES and ACC personnel despite their awareness of sexual harassment on the MES campus inside of the bathrooms and inside of the *Tupelo* program classrooms.

37. PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1 through 10 are responsible for student supervision. They had a duty of care toward S.J. and all other students to prevent the sexual harassment of students occurring on the MES campus and inside the ACC *Tupelo* program classrooms.

38. As a proximate result of Defendants' negligent acts, Plaintiff S.J. has incurred damages as alleged heretofore.

**SECOND CLAIM FOR RELIEF:**
**Discrimination in Violation of the Americans with Disabilities Act against AUSD and DOES 11-20**

39. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

40. Effective January 26, 1992, Plaintiff S.J. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. It prohibits discrimination by any "public entity", including any state or local government, as defined by 42 U.S.C. § 12131, Section 201 of the ADA.

41. Pursuant to 42 U.S.C. § 12132, section 202 of Title II, no qualified

individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.  S.J. was at all times relevant herein a qualified individual with a disability as therein defined. His disabilities substantially limit at least two major life activities – speech and language.

42. AUSD has failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

43. AUSD has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove by subjecting S.J. to a hostile educational environment.

44. As a result of the District's failure to comply with its duty under Title II, Plaintiff S.J. has suffered special and general damages according to proof.

**THIRD CLAIM FOR RELIEF:**
**Violation of § 504 of the Rehabilitation Act of 1973 against AUSD and DOES 21-30**

45. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

46. Plaintiff S.J. is informed and believes, and on that basis alleges, that AUSD is and at all relevant times was a recipient of federal funds, and that part of those funds were used in the operations, construction and/or maintenance of the specific public facilities and programs described herein and the activities that take place therein.

47. By their actions or inactions in denying equal access to educational services and by subjecting Plaintiff S.J. to a hostile educational environment, the

District violated S.J.'s rights under §504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.

48. As a result of AUSD's failure to comply with its duty under §504 of the Rehabilitation Act of 1973, S.J. has suffered special and general damages according to proof.

**FOURTH CLAIM FOR RELIEF:**
**Negligence: against all Defendants.**

49. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

50. AUSD is vicariously liable for injuries proximately caused by negligence of school personnel responsible for student supervision. Cal.Gov. Code § 815.2(a).

51. AUSD has a duty to supervise students on the premises of MES. Cal. Ed. Code § 44807. The standard of care imposed upon school personnel in carrying out duty to supervise is identical to that required in the performance of their other duties, i.e. that degree of care which a person of ordinary prudence, charged with comparable duties, would exercise under the same circumstances; either a total lack of supervision or ineffective supervision may constitute a lack of ordinary care on the part of those responsible for student supervision. *Hoff v. Vacaville Unified School Dist.,* 19 Cal.4th 925 (1998).

52. Defendants PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-10 are responsible for student supervision. They had a duty of care toward S.J. and all other students to prevent the bullying and sexual harassment occurring on the premises of MES. Defendants PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-10 breached their duty of care by failing to supervise the conduct of students, giving rise to vicarious liability of AUSD.

53. The breach of duty by the Defendants to supervise students like S.J., S.A. and V.G. caused S.J. serious physical and psychological injuries. He has and is undergoing mental health counseling and treatment to deal with the trauma, which

has compounded his pre-existing disabilities.

54. As a proximate result of Defendants' negligent acts, Plaintiff has incurred damages as alleged heretofore.

**FIFTH CLAIM FOR RELIEF:**
**Violation of Unruh Civil Rights Act, Civil Code Section 51 *et seq.*
against all Defendants**

55. Plaintiff S.J. refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

56. The Unruh Civil Act provides that all persons are entitled to full and equal services in all business establishments no matter their disability, and that no business establishment shall discriminate against a person based on disability. Civil Code section 51, et seq.

57. Cal Civ. Code 52(a) declares: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages…..suffered by any person denied the rights provided in Section 51, 51.5 or 51.6." Thus, this section applies to Defendants PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-30. *See also Aikins v. St. Helena Hosp.*, 843 F.Supp. 1329, 1339 (N.D. Cal. 1994).

58. A school is a "business establishment" for purposes of the Unruh Act. Cal. Civ. Code 51.5; *Nicole M. By and Through Jacqueline M. v. Martinez Unified School District*, 964 F.Supp. 1369 (N.D. Cal. 1997).

59. Plaintiff was deprived of advantages, privileges and services of MES as a result of sexual harassment of which AUSD and Defendants PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-30 were aware. Since the sexual harassment of S.J. occurred, S.J. now suffers from anxiety, depression and emotional trauma and he requires the ongoing care of a psychologist. S.J.'s parents have observed significant changes in his behaviors including but not limited to severe anxiety, sleep disturbance, fear of the dark, inability to be alone and multiple

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

significant behavioral regressions including bed wetting. Clearly, S.A. and V.G.'s sexual harassment of S.J. was so severe and pervasive that it has deprived S.J. of access to educational opportunities and benefits provided by the school.

60. AUSD and Defendants PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-30 intentionally discriminated against S.J. allowing the bullying, sexual harassment and sexual assaults of S.J. to occur because of his disabilities. Defendants failed to intervene to stop the sexual harassment and bullying or to prevent the assaults S.J.. Moreover, Defendants were deliberately indifferent to the risk that this would happen by failing to supervise students in the *Tupelo* program, including S.J., S.A. and V.G. and by allowing multiple *Tupelo* students to go into the bathroom unaccompanied by any adult.

61. AUSD and Defendants PFOHL, MANSKER, ALVARADO, VAHDATINIAI and DOES 1-30 intentionally discriminated against S.J. on the basis of his disability.

62. As a proximate result of the Defendants' intentional acts, Plaintiff has incurred damages as alleged theretofore.

### SIXTH CLAIM FOR RELIEF:
### Intentional Infliction of Emotional Distress against all Defendants

63. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

64. The actions of Defendants as alleged herein were outrageous, malicious, and intended to and did inflict emotional distress and humiliation upon Plaintiff.

65. Defendants' conduct, as set forth above, was intentional and outrageous. AUSD is vicariously liable for the acts of its employees under Cal. Govt. Code § 815.2.

66. As a proximate result of Defendants' intentional acts, Plaintiff has incurred damages as alleged heretofore.

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**SEVENTH CLAIM FOR RELIEF:**
**Violation of Educational Code Sections 200 *et seq.* against all Defendants**

67. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

68. California Education Code Sections 200 *et seq.* provides for a private right of action for intentional discrimination on the basis of sex or disability, which includes sexual harassment.

69. Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability,…gender...in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

70. The California legislature specifically declared its intent that an action under the Education Code shall be interpreted as consistent with Title IX of the Education Amendments of 1972, 20 USC 1681, *et seq.* (Cal. Ed. Code 201 (g))  A plaintiff may maintain an action for monetary damages against a school district when the plaintiff alleges that he suffered severe, pervasive and offensive harassment that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities;  the school had actual knowledge of the harassment; and the school responded with deliberate indifference.  *Donovan v. Poway Unified School Dist.*, 167 Cal.App.4th 567, 603-09 (2008).

71. The California legislature recognized that pupils enrolled in the state public schools have the inalienable right to attend classes on school campuses that are safe, secure and peaceful.  Cal. Ed. Code 3261 (a), Article I, section 28(c) of the California State Constitution.

72. S.A., V.G. and other unidentified students in the *Tupelo* program at MES bullied and sexually harassed S.J..  Such misconduct was reported by students to have included the creation of a "boys club" where students engaged in sexual acts under a table inside the *Tupelo* classroom.  Multiple students in the *Tupelo* program

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

12
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

reported various incidents of sexual misconduct including but not limited to: a *Tupelo* student reported that another student's penis touched his butt while the student was using the restroom and the student asked him to the do the same, a *Tupelo* student reported that when they went to the bathroom together their butts touched, a *Tupelo* student reported being held down, a *Tupelo* student reported receiving threats "if you don't do it you won't be part of…", a *Tupelo* student reported experiencing peer pressure to put their nose or tongue on another student's butt, a *Tupelo* student described activity that "tickles/feels funny", a *Tupelo* student described feeling sick and scared and eating lunch quickly to try to hide from a perpetrator student, a *Tupelo* student described behavior that "starts with pinches and scratches on their butt" and then the perpetrator student punches them in the belly and hits their bottom and a *Tupelo* student described that another student licked their butt and took their pants and underwear down.

73. This type of bullying and sexual harassment is actionable under Cal. Ed. Code §§ 220 et seq. because it is based both on disability and gender and was so severe and pervasive that it deprived S.J. of educational opportunities, had a detrimental effect on his mental health (S.J. requires extensive counseling), diminished his academic performance and caused significant interference with S.J.'s ability to participate in the mainstream education setting (after the abuse he required increased "pull out" services where he is removed from the general education setting).

74. On information and belief, AUSD had actual knowledge of this bullying and harassment among *Tupelo* students. The failure stop the harassment and bullying of which a school district is aware constitutes intentional discrimination. *Franklin v. Gwinnet County Public Schools*, 502 U.S. 112 (1992).

75. Defendants' responsibility to address and respond to sexual harassment applies regardless of the potential application of any anti-bullying policy and regardless of whether a student has complained, asked the school to take action or

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

identified the harassment as a form of discrimination.  See U.S. Dept. of Education, Office for Civil Rights, Dear Colleagues letter, Oct. 26, 2010.

76. AUSD failed in its responsibilities to provide an environment free from discrimination and harassment to S.J. who suffered severe psychological trauma as a result of said failure.

77. AUSD had control over S.A, V.G. and over the MES campus and *Tupelo* classrooms where the harassment occurred.  AUSD and its officials had authority to take corrective action to end the discrimination and harassment, but they failed to do so and ignored the instances of student-on-student harassment at MES, including of S.J. despite their knowledge.

78. S.J. suffered such severe, pervasive and objectively offensive harassment that is has deprived him of access to the educational opportunities or benefits provided by the school.

79. S.J. was subjected to severe and pervasive bullying, sexual harassment, and assault.

80. The Defendants acted with deliberate indifference in failing to respond to the sexual harassment by students in the *Tupelo* program despite knowledge that students were engaging in sexual acts on the campus.  Defendants were deliberately indifferent to the risk that this would happen by failing to supervise students in the *Tupelo* program, including S.J., S.A. and V.G., and by allowing multiple *Tupelo* students to go into the bathrooms unaccompanied by any adult.

81. As a proximate result of Defendants' negligent acts, Plaintiff has incurred damages as alleged heretofore.

## JURY TRIAL DEMAND

Plaintiff hereby demands that this matter be tried to a jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages to Plaintiff for injury, emotional distress and for

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

14
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

medical expenses;

    2.     Punitive damages against the individually named Defendants;

    3.     Attorney's fees and costs; and

    4.     Such other and further relief as the court deems just and proper.

Dated:  September 11, 2020         WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
KHALDOUN A. BAGHDADI
VALERIE N. ROSE
Attorneys for Plaintiff S.J., a minor, by and through his Guardian ad Litem, JASMINE HAMILTON

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

15
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL