UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.J.,<br><br>   Plaintiff,<br><br>  v.<br><br>ALBANY UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No. 20-cv-06414-KAW<br><br>**PRETRIAL CONFERENCE TENTATIVE RULINGS** |

### I. MOTIONS IN LIMINE

Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. The Court has discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

| **MIL** | **Motion** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| **P₁** | **Limit Defendant's expert testimony to opinions expressed in depositions and expert reports** | **GRANT** | Defendant does not oppose. To the extent Plaintiff seeks to limit Dr. Schwartzberg's opinion to seven specific passages of his deposition testimony, however, Plaintiff's request is premature and unsupported. |
| **P₂** | **Preclude Defendant from producing evidence regarding third-party S.B.** | **GRANT** | Defendant does not oppose. As further discussed re Defendant's MIL No. 3, evidence about S.B. must be excluded generally. |

| | | | |
|---|---|---|---|
| **P3** | **Preclude Defendant from introducing exhibits not disclosed on its exhibit list.** | **GRANT** | Defendant does not oppose. |
| **P4** | **Preclude Defendant from calling previously unidentified individuals as expert witnesses; preclude Defendant from calling witnesses not timely disclosed** | **GRANT IN PART; DENY IN PART** | The five individuals designated as witnesses were identified by Plaintiff in his expert disclosures, and Defendant's expert disclosure stated an intent to call expert witnesses designated by other parties in this action. Additionally, their inclusion appears harmless. Defendant may elicit expert testimony from these individuals.<br><br>Defendant may not call Lauren Halperin, Amy Evoy, and Linda Bishop because the witnesses were not timely disclosed. The mere fact that these individuals are Plaintiff's teachers does not provide notice that they may be trial witnesses. |
| **D1** | **Exclude evidence of Defendant's policies, regulations, and procedures** | **DENY** | Evidence of policies, regulations, and procedures may be used to inform what is required by an existing duty of care. *See Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 125 (1997). |
| **D2** | **Exclude all "out of court" statements regarding the November 2019 incident** | **DENY** | Statements regarding what occurred could be admissible under the excited utterance or residual exceptions to the rule against hearsay. |
| **D3** | **Exclude evidence of prior bullying incidents** | **GRANT (qualified)** | Other incidents of bullying and harassment do not automatically demonstrate foreseeability of Plaintiff's injury; the context of such bullying and harassment must be similar enough to provide notice, *i.e.*, a lack of supervision in the classroom that resulted in bullying and harassment or prior bullying by one of S.J.'s assailants. |
| **D4** | **Exclude arguments based on the "Golden Rule" or "Reptile Theory"** | **DENY** | Defendant's motion in limine is premature and overbroad; there is no indication that Plaintiff will make improper arguments, and simply |

| | | | referring to the larger community or a duty to prevent harm would not be improper. |
|---|---|---|---|

## II. EVIDENTIARY ISSUES

The Court notes that neither of the parties provided responses to any of the objections made by the other party. Given the lack of response, the Court could have sustained all objections as unopposed. Regardless, the Court has endeavored to review the objections on the merits to the best of its ability. That said, the Court will not entertain any response to objections at the pretrial conference because the parties should have made their written responses by the deadline. (*See* Dkt. No. 73 at 6.)

### A. Plaintiff's Objections

| **Witness/Evidence** | **Ruling** | **Reason/Explanation** |
|---|---|---|
| **Exhibit 2 (Christopher Thompson CV)** | **SUSTAIN** | A CV is hearsay. *See Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011). This does not prohibit an expert witness from "testif[ying] to each of the points on his c.v.," such that "exclusion serves little purpose," or from parties "routinely stipulat[ing] to the admissibility of curriculum vitae for reasons of common sense." *Alexie v. United States*, No. 3:05-cv-00297 JWS, 2009 U.S. Dist. LEXIS 4103, at *2 (D. Alaska Jan. 21, 2009); *Colon v. Hosp. Hermanos Melendez, Inc.*, No. 3:19-cv-01797-JAW, 2023 U.S. Dist. LEXIS 7012, at *6 (D.P.R. Jan. 13, 2023). |
| **Exhibit 3 (Christopher Thompson Report)** | **SUSTAIN** | "[A]n expert's report is not admissible by the proponent of the evidence, but the witness may testify about the basis for his or her opinions, and on cross-examination any of the material upon which the opinion were based may be admitted for impeachment purposes." *Log Cabin Republicans v. United States*, No. CV 04-08425-VAP (Ex), 2010 U.S. Dist. LEXIS 148637, at *4 (C.D. Cal. July 1, 2010). Further, "[g]enerally, expert reports are inadmissible hearsay," and Plaintiffs identify no hearsay exception. *Salgado v. Iqvia, Inc.*, 459 F. Supp. |

3

| | | |
|---|---|---|
| | | 3d 1318, 1327 (S.D. Cal. 2020). |
| **Exhibit 4 (Christopher Thompson File)** | **SUSTAIN** | Unopposed. The expert is not precluded from testifying about what exhibits he reviewed in forming his opinion. |
| **Exhibit 5 (Joseph Schwartzberg CV)** | **SUSTAIN** | A CV is hearsay. *See Mahnke*, 821 F. Supp. 2d at 154. |
| **Exhibit 6 (Joseph Schwartzberg Report)** | **SUSTAIN** | Expert reports are inadmissible hearsay. |
| **Exhibit 7 (Joseph Schwartzberg File)** | **SUSTAIN** | Unopposed. The expert is not precluded from testifying about what exhibits he reviewed in forming his opinion. |
| **Exhibit 10 (SJ 2017 IEP)** | **OVERRULE** | Part of Plaintiff's Exhibit 27. |
| **Exhibit 11 (S.J. October 2019 IEP)** | **OVERRULE** | Part of Plaintiff's Exhibit 27. |
| **Exhibit 12 (S.J. 2019-2020 Report Card)** | **SUSTAIN** | Unopposed. Appears to include hearsay from S.J.'s teacher in the form of opinions of how S.J. was doing. |
| **Lydia Adkins, LMFT** | **OVERRULE** | Adequately disclosed; no harm or prejudice. (*See* Pl.'s MIL No. 4.) |
| **Linda Bishop** | **SUSTAIN** | Not timely disclosed. (*See* Pl.'s MIL No. 4.) |
| **Officer Erick Chavez** | **OVERRULE** | Adequately disclosed; no harm or prejudice. (*See* Pl.'s MIL No. 4.) |
| **Amy Evoy** | **SUSTAIN** | Not timely disclosed. (*See* Pl.'s MIL No. 4.) |
| **Arlene Fischoff, M.D.** | **OVERRULE** | Adequately disclosed; no harm or prejudice. (*See* Pl.'s MIL No. 4.) |
| **Lauren Halperin** | **SUSTAIN** | Not timely disclosed. (*See* Pl.'s MIL No. 4.) |
| **Detective Justin Kurland** | **OVERRULE** | Adequately disclosed; no harm or prejudice. (*See* Pl.'s MIL No. 4.) |
| **Officer Peter O'Connor** | **OVERRULE** | Adequately disclosed; no harm or prejudice. (*See* Pl.'s MIL No. 4.) |

B.   **Defendants' Objections**

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| **Exhibit 6 (2016 E-mails re Student Misconduct)** | **SUSTAIN** | Irrelevant. (Def.'s MIL No. 3.) |
| **Exhibit 7 (May 2019 E-mails re V and D)** | **OVERRULE** | The e-mail concerns behavior by one of Plaintiff's assailants prior to the November incident with S.J. |
| **Exhibits 8,9 (Handwritten Notes re S.J. Investigation)** | **OVERRULE** | Hearsay Exception. (*See* Def.'s MIL No. 2.) |
| **Exhibit 10 (November 3, 2019 E-mail re Supervision)** | **OVERRULE** | The e-mail is a reminder of what active supervision is already required for children in the after-care program. |
| **Exhibit 11 (November 20, 2019 Text re V Pulling Down Pants)** | **SUSTAIN** | Irrelevant; occurred after November incident with S.J. (*See also* Def.'s MIL No. 3.) |
| **Exhibit 12, 13 (November 6-January 2020 E-mails re Student Misconduct)** | **SUSTAIN** | Irrelevant; occurred after November incident with S.J. (*See also* Def.'s MIL No. 3.) |
| **Exhibit 14 (Albany Police Department Report re S.J.)** | **OVERRULE** | Hearsay exception (excited utterance, residual exception, business records). (*See* Def.'s MIL No. 2.) |
| **Exhibit 15 (Albany Police Department Report re S.B.)** | **SUSTAIN** | Irrelevant. (*See* Def.'s MIL No. 3.) |
| **Exhibit 19 (November 2016 E-mail re Bathroom Supervision)** | **SUSTAIN** | Irrelevant. (*See* Def.'s MIL No. 3.) |
| **Exhibit 20 (January 2018 E-mail re S.B.)** | **SUSTAIN** | Irrelevant. (*See* Def.'s MIL No. 3.) |
| **Exhibit 21 (S.J.'s October 2019 Kaiser Records)** | **SUSTAIN (qualified)** | Medical records are hearsay unless an exception can be demonstrated. *See United States v. Yagi*, No. CR-12-0483 EMC, 2013 U.S. Dist. LEXIS 189642, at *18 (N.D. Cal. Oct. 17, 2013). |

| | | |
|---|---|---|
| **Exhibit 22 (March 2018 E-mail re Phone Contacts)** | **SUSTAIN** | Irrelevant. |
| **Exhibit 24 (September 2018 E-mail re Student Bullying Behind Tree)** | **SUSTAIN** | Irrelevant. (*See* Def.'s MIL No. 3.) |
| **Exhibit 26 (January 2017 through February 2020 E-mails re Sexual Misconduct, including S.J.)** | **SUSTAIN, OVERRULE** | Sustained as to other incidents because irrelevant. (*See* Def.'s MIL No. 3.) Overruled as to e-mails regarding S.J. |
| **Exhibit 28 (Talos E-mails)** | **SUSTAIN** | Irrelevant. (*See* Def.'s MIL No. 3.) |
| **Exhibit 29 (S.J. Steinbuchel Records)** | **SUSTAIN (qualified)** | Medical records are hearsay unless an exception can be demonstrated. *See United States v. Yagi*, No. CR-12-0483 EMC, 2013 U.S. Dist. LEXIS 189642, at *18 (N.D. Cal. Oct. 17, 2013). |
| **Exhibit 30 (December 2019 E-mail re Combining ACC Programs)** | **SUSTAIN** | Irrelevant. |
| **Exhibit 32 (November 8, 2019 E-mail)** | **OVERRULE** | Related to the "Boy's Club" and Pfohl's investigation of the November incident with S.J. |
| **Exhibit 33 (November 8, 2019 E-mail)** | **SUSTAIN** | Irrelevant. |
| **Exhibit 34, 41 (S.J. Little Otter Records)** | **SUSTAIN (qualified)** | Medical records are hearsay unless an exception can be demonstrated. *See United States v. Yagi*, No. CR-12-0483 EMC, 2013 U.S. Dist. LEXIS 189642, at *18 (N.D. Cal. Oct. 17, 2013). |
| **Exhibit 44-45 (2017-2018 US DOE Office for Civil Rights Data Collection)** | **SUSTAIN** | Irrelevant. |
| **Exhibit 46 (ACC Wait List Application)** | **OVERRULE** | Application form providing information about the after-care program, including staff-student ratios. |
| **Exhibit 52-53 (Helena Huckabee Reports)** | **SUSTAIN** | Expert reports are inadmissible hearsay. |

| | | |
|---|---|---|
| **Exhibit 54 (Helena Huckabee File)** | **SUSTAIN** | Unopposed.  Many parts of the file appear to include irrelevant information (*e.g.*, billing records and scheduling for the expert) or inadmissible evidence (*e.g.*, medical records and expert reports).  The expert is not precluded from testifying about what exhibits she reviewed in forming his opinion. |
| **Exhibit 56 (Timothy Lanning Report)** | **SUSTAIN** | Expert reports are inadmissible hearsay. |
| **Exhibit 57 (Timothy Lanning File)** | **SUSTAIN** | Unopposed.  Many parts of the file appear to include irrelevant information (*e.g.*, scheduling for the expert) or inadmissible evidence (*e.g.*, expert reports).  The expert is not precluded from testifying about what exhibits he reviewed in forming his opinion. |
| **Exhibit 59 (Lauren Siegel Report)** | **SUSTAIN** | Expert reports are inadmissible hearsay. |
| **Exhibit 60 (Lauren Siegel File)** | **SUSTAIN** | Unopposed.  The vast majority of the file appears to be comprised of irrelevant information (*e.g.*, a stipulated protective order, retainer agreement).  The expert is not precluded from testifying about what exhibits she reviewed in forming his opinion. |
| **Ana Talos** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **Brian Doss** | **SUSTAIN (qualified)** | Irrelevant absent showing of involvement of S.J.'s aggressors.  (Def.'s MIL No. 3.) |
| **Barbara Espino** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **Edith Zaragoza** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **Naomi Love** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **Custodians for Authentication** | **OVERRULE** | Unclear basis for objection. |
| **E.H.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **S.S.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |

| | | |
|---|---|---|
| **S.B.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **K.R.A.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **T.S.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **A.K.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **V.L.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **I.C.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **S.G.** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **Kevin Break** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |
| **Officer Peter O'Connor** | **SUSTAIN, OVERRULE** | Officer O'Connor may testify as to the investigation of Plaintiff's case, but may not testify as to other incidents.  (Def.'s MIL No. 3.)<br><br>Plaintiff fails to explain how  mandatory duty to report is relevant in this case. |
| **Officer Erick Chavez** | **SUSTAIN** | Irrelevant as to investigations of other incidents.  (Def.'s MIL No. 3.)<br><br>Plaintiff fails to explain how mandatory duty to report is relevant in this case. |
| **Detective Justin Kurland** | **SUSTAIN** | Irrelevant as to investigations of other incidents.  (Def.'s MIL No. 3.)<br><br>Plaintiff fails to explain how mandatory duty to report is relevant in this case. |
| **Valerie Williams** | **SUSTAIN** | Irrelevant.  (Def.'s MIL No. 3.) |

### C. Deposition Excerpts

Defendant files hundreds of objections to Plaintiff's deposition excerpts; Plaintiff did not respond to any of the objections.  (Dkt. No. 139-5.)  Plaintiff also objects to several of Defendant's deposition excerpts and/or requests counter-designations.  (Dkt. No. 139-6.)  Defendant likewise did not respond to any of the objections.  Accordingly, all of the objections are sustained as

1  unopposed. In any case, deposition excerpts are not evidence; deposition excerpts can be used to
2  refresh recollection or to impeach, but the parties would not have been permitted to enter hundreds
3  of pages into the evidentiary record.

### III.   VOIR DIRE

The Court currently issues an electronic questionnaire, which includes standard juror questions (Attachment A) and up to ten additional case specific questions. The additional questions cannot have subparts or be formatted with an "if yes, . . . ." section. Accordingly, the parties should review the standard juror questions and jointly propose ten case specific questions by **August 3, 2023**.

With respect to the parties' jointly submitted questions, the Court does not intend to re-ask questions that potential jurors would already have asked in the questionnaire. This does not preclude following up on particular answers. To ensure that voir dire does not take an excessive amount of time, the parties should meet and confer as to which questions they believe most important to ask.

### IV.   VERDICT FORM

The parties provide separate verdict forms, which are largely the same as to the first three questions (*i.e.*, whether Defendant was negligent, whether Defendant's negligence was a substantial factor in causing Plaintiff's harm, and the amount of Plaintiff's damages). (*See* Pl.'s Verdict Form at 1-2, Dkt. No. 127; Def.'s Verdict Form at 1-2, Dkt. No. 134.) Defendant, however, seeks to add additional questions about whether the other students involved in the November incident were at fault, and whether they are responsible for a percentage of Plaintiff's harm. (Def.'s Verdict Form at 2-3.)

Plaintiff objects, arguing that Defendant cannot add the other students because they were intentional tortfeasors who engaged in intentional conduct, and that a defendant cannot allocate fault for negligence to an intentional tortfeasor. (Pl.'s Obj. to Verdict Form at 2, Dkt. No. 139-8.) To the contrary, California courts have found:

> in *all* cases in which a negligent actor and one or more others jointly caused the plaintiff's injury, the jury should be instructed that, assuming 100 percent represents *the total causes* of the plaintiff's

9

> injury, liability must be apportioned to each actor who caused the harm in direct proportion to *such actor's respective fault*, whether each acted intentionally or negligently or was strictly liable, and whether or not each actor is a defendant in the lawsuit.

*Scott v. Cty. of L.A.*, 27 Cal. App. 4th 125, 151 (1994).

While Plaintiff points to *B.B. v. County of Los Angeles*, *B.B.* stands only for the proposition that "**intentional tortfeasors** are not entitled to reduce their liability based on the negligent acts of others." 10 Cal. 5th at 23 (emphasis added). There, an intentional tortfeasor sought to reduce its liability based on the negligent actions of another. *Id.* at 8. In support, amicus curiae pointed to cases such as *Scott*. *Id.* at 23. The California Supreme Court, however, explained that such cases involved "*negligent* tortfeasors seeking to reduce their liability based on the intentional acts of a third party." *Id.* The California Supreme Court case explained that such cases could not be read to reduce the liability of intentional tortfeasors, as was being urged by the amicus curiae in *B.B.*

As applied, *B.B.* would not allow intentional tortfeasors such as the other students involved in the November incident to reduce their damages based on Defendant's negligence. Defendant, however, is a negligent tortfeasor seeking to reduce its damages based on the intentional acts of others. This is permitted by prior precedent, as acknowledged in *B.B.* Defendant, of course, will still be responsible for establishing fault as to the nonparty tortfeasors; contribution to Plaintiff's injuries alone is not sufficient. *Wilson v. Ritto*, 105 Cal. App. 4th 361, 368 (2003) (finding that a showing that a nonparty doctor contributed to the plaintiff's injuries was not sufficient, and that the defendant needed to demonstrate that the doctor was at fault, *i.e.*, wrongdoing or culpability).

## V.   JURY INSTRUCTIONS

In addition to the joint instructions proposed by the parties, the Court will also include the following instructions: 1.3 (Duty of Jury), 1.5 (Claims and Defenses), 1.11 (Evidence for Limited Purpose), 1.16 (Publicity During Trial), 1.17 (No Transcript Available to Jury), and an "Unconscious Bias" instruction. (*See* Dkt. No. 73 ¶ 6(b).) The parties shall provide a jointly proposed Jury Instruction 1.5 by **August 7, 2023**.

The parties also propose the following jury instructions:

### A.   Plaintiff's Additional Proposed Jury Instructions

Plaintiff proposes the following jury instructions: CACI 426 (Negligent Hiring,

Supervision, or Retention of Employee), CACI 3900 (Introduction to Tort Damages – Liability Contested), CACI 3902 (Economic and Noneconomic Damages), CACI 3903 (Items of Economic Damage), CACI 3903A (Medical Expenses – Past and Future), CACI 3904A (Present Cash Value), CACI 3905 (Items of Noneconomic Damage), and CACI 3905A (Physical Pain, Mental Suffering, and Emotional Distress (Non-Economic Damage). Defendant does not object to any of these proposed instructions. Accordingly, the Court will issue these instructions.

### B. Defendant's Additional Proposed Jury Instructions

Defendant has proposed the following jury instructions, several of which are subject to Plaintiff's objections.

#### i. CACI 402 (Standard of Care for Minors), 406 (Apportionment of Responsibility)

Plaintiff objects to CACI 402 on the grounds that none of Plaintiff's minor assailants are parties, and that their intentional conduct cannot be used for the purposes of allocating negligence. As discussed above with respect to Plaintiff's objections to the verdict from, Plaintiff is incorrect that a negligent tortfeasor cannot reduce its damages based on the intentional actions of another. *See Scott v. Cty. of L.A.*, 27 Cal. App. 4th at 151.

#### ii. CACI 411 (Reliance on Good Conduct of Others), 413 (Custom or Practice), 430 (Causation: Substantial Factor), 431 (Causation: Multiple Causes), 3924 (No Punitive Damages)

Plaintiff does not object to these jury instruction, and the Court will issue these instruction.

#### iii. Willful Misconduct or Negligence of Students

Defendant proposes the following instruction: "Albany Unified School District and its employees are not liable for the unlawful or willful misconduct or negligence of a fellow student unless the Albany Unified School District and its employees' negligence created a reasonably foreseeable risk of such conduct." (Def.'s Jury Instructions at 2, Dkt. No. 125-3.) Plaintiff objects on the ground that "[t]his is not a proper jury instruction and accordingly should not be considered or included." (Pl.'s Objs. re Jury Instructions at 2, Dkt. No. 139-7.)

Defendant's instruction is based on *Ziegler v. Santa Cruz City High School District*, which states: "no liability devolves on a school district for personal injuries arising from the unlawful or

11

wilful misconduct or negligence of a fellow student." 168 Cal. App. 2d 277, 284-85 (1959). That said, *Ziegler* then found that even if it was not foreseeable specifically that a student would push another student over a railing, the school was liable if the general danger was foreseeable and if supervision was necessary to avoid the accident in question. *Id.* at 285. Thus, "improper supervision of pupils on the school grounds may create a liability on the part of the school district for injuries received by one pupil on account of the recklessness of a fellow student[.]" *Id.*

As proposed, Defendant's instruction may technically be correct, but appears to emphasize the role of other students at the risk of causing confusion as to the effect of another student's misconduct on a school district's liability. The more pertinent question in a negligent supervision claim is whether "a reasonably prudent person would foresee the injuries of the same general type would be likely to happen in the absence of adequate safeguards," not whether the injury was caused by another student. *D.Z. v. L.A. Unified Sch. Dist.*, 35 Cal. App. 5th at 229. The parties may propose a jury instruction consistent with this principle by **August 7, 2023**.

### iv. MMCJI 5.1 (Damages – Proof), MMCJI 5.2 (Measures of Types of Damages), MMCJI 5.3 (Damages – Mitigation), MMCJI 5.4 (Damages Arising in the Future – Discount to Present Cash Value), MMCJI 5.6 (Nominal Damages)

Defendant proposes various damages-related jury instructions based on the Ninth Circuit Manual of Model Civil Jury Instructions. (Def.'s Jury Instructions at 4-6.) Plaintiff objects on the grounds that state law governs jury instructions for state law claims. (Pl.'s Objs. re Jury Instructions at 2-3.)

The proposed instructions based on MMCJI 5.1, 5.2, and 5.4 appear to subsumed by Plaintiff's proposed jury instructions based on CACI, to which Defendant has not objected. Thus, the Court will issue Plaintiff's proposed jury instructions.

With respect to MMCJI 5.3 and MMCJI 5.6, Plaintiff has not proposed an equivalent instruction, nor does Plaintiff explain how the Ninth Circuit Model Jury Instruction is not consistent with state law claims. Indeed, it does not appear there is an equivalent CACI for nominal damages. Thus, the Court will issue Defendant's proposed instructions as to MMCJI 5.3 and 5.6.

12

## VI. ADMINISTRATIVE MATTERS

The Court intends to impose time limits on each party at trial. The parties are directed to submit (1) Defendant's projected duration of the direct examination of each of its witnesses listed in Defendant's witness list, Dkt. No. 124-2; (2) the anticipated duration of the cross-examination of each of the other party's disclosed witnesses; and (3) the total number of hours projected (i.e., the sum of categories (1) and (2)), particularly in light of the Court's tentative rulings. These estimates should be realistic, not padded. The parties should be prepared to discuss these estimates during the pretrial conference. The Court may shorten the allotted time as it deems appropriate, particularly if the parties continue to focus on collateral issues.

The parties should be prepared to discuss options for the public to stream or listen in on the trial, such as by Zoom webinar or other means. The parties should also be prepared to discuss their technology requirements. The parties are generally required to provide all necessary courtroom technology, such as cameras, a projector screen, and a projector. The parties should also be prepared to come to the Court before the trial to test technology.

## VII. COVID PRECAUTIONS

In light of the ongoing pandemic, the undersigned is committed to keeping the parties, counsel, witnesses, and court staff as safe as possible. The parties should be prepared to discuss the ability to pivot to a hybrid Zoom trial should there be a positive COVID-19 case or exposure.

Currently, universal masking in the courthouse is no longer required, but the parties should be prepared to discuss other COVID-related issues, including the vaccination status of counsel, the parties, and witnesses, and what other precautions may be taken to keep everyone safe. Notwithstanding, the Court may impose a mask mandate on all present without regard to vaccination status should the number of community cases rise or if there is a change in guidance from local public health agencies.

Finally, all persons entering the courthouse are required to review the Northern District's "COVID-19 Self-screening Questionnaire," available online at *https://www.cand.uscourts.gov/notices/covid-19-self-screening-questionnaire/*. Anyone experiencing any symptoms, including fever or cold-like symptoms, is not permitted to enter the

1 courthouse. If this happens, the parties are directed to notify the courtroom deputy at
2 kawcrd@cand.uscourts.gov.
3     IT IS SO ORDERED.
4 Dated: August 1, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge